IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PAUL HORTON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-226 |
| | ) |
| JOHN DOE and | ) |
| MARS, INC. | ) |
| | ) |
| Defendants. | ) |

# NOTICE OF REMOVAL

To the Honorable Judges of the United States District Court for the Western District of Missouri:

COMES NOW Defendant Mars, Inc., the removing party, and for its Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and states that:

1. On February 19, 2024, Plaintiff Paul Horton filed a Petition in the Circuit Court of Jackson County, Missouri styled *Paul Horton v. John Doe, Mars, Inc.* Case No. 2416-CV04340 (the "State Court Action"), attached as Exhibit A.

2. The removing party is Defendant Mars, Inc. in the above-entitled action.

3. Defendant's registered agent was served via on February 29, 2024 with the Summons and Petition that is attached hereto as Exhibit "A" and the Return of Service is attached hereto as Exhibit "B." Therefore, the thirty (30) days allowed for filing this Notice of Removal under 28 U.S.C. § 1446(b) has not yet expired.

4  Under Section 1441 of Title 28 of the United States Code, Congress established a defendant's statutory right to remove a case from state court when the elements of the case satisfy the requirements necessary for invoking a federal district court's original jurisdiction. 28 U.S.C. §

1441(a). Article III, section of the United States Constitution provides that a district court's judicial power extends to controversies "between citizens of different states." U.S. Const., Art. III, § 2. Congress identified the elements of diversity of citizenship jurisdiction in section 1332 of Title 28 of the United States Code, providing first, that no single plaintiff may have the same citizenship as any single defendant and second, that the amount in controversy must exceed "the sum or value of $75,000, exclusive interests and costs." 28 U.S.C. § 1332(a). These requirements are met here.

5. Diversity of citizenship exists between Plaintiffs and Defendants under 28 U.S.C. § 1332(a).

6. Plaintiff is a resident of the State of Missouri. Exhibit "A."

7. Defendant Mars, Inc. is a Delaware corporation with its principal place of business located in Delaware and is therefore a citizen of Delaware.

8. Defendant John Doe is a resident of Missouri.

9. 28 U.S.C. § 1441(b)(1) provides in relevant part that "the citizenship of defendants sued under fictious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

10. Legislation permitting removal is construed strictly, and § 1441(b)(1) expressly states that the citizenship of fictious defendants should be disregarded in determining whether a civil action is removable. *Noble v. Ozborn-Hessey Logistics*, No. 4:14-cv-01149-NKL, 2015 U.S. Dist. LEXIS 23210 (W.D. Mo. Feb. 26, 2015).

12. Here, the fictious defendant, John Doe is a claimed resident of Missouri, and his citizenship should be disregarded.

13. The case of *Noble v. Ozborn-Hessey Logistics* is instructive. In *Noble*, the plaintiff sued defendants which included a Wisconsin citizen, a Wisconsin corporation, a Tennessee corporation, and John Doe defendants which were claimed to be Missouri citizens. *Id.* The case

was originally filed in Missouri state court but removed to federal court based on diversity jurisdiction. The plaintiff argued that the case should be remanded to state court because the John Doe defendants were citizens of Missouri and thus complete diversity does not exist. *Id*. The Western District of Missouri found these arguments unpersuasive and that that the citizenship of John Doe defendants to be disregarded for purposes of removal and thus denied plaintiff's motion for remand to state court. *Id*.

14. Thus, complete diversity does exist in this present action. The citizenship of John Doe should be disregarded which would allow complete diversity between Plaintiff, a Missouri resident, and Defendant Mars, Inc. a citizen of Delaware.

15. Additionally, the amount in controversy exceeds $75,000, exclusive of interest and costs, as required under 28 U.S.C. § 1332(a).

WHEREFORE, defendant prays that the above-entitled cause now pending in the Circuit Court of Jackson County, Missouri, be removed to the United States District Court for the Western District of Missouri.

Respectfully submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

*/s/ John E. Franke*
JOHN E. FRANKE  #34908
JILL F. SMITH  #38461
8900 Ward Parkway
Kansas City, Missouri 64114
(816) 421-7100
(816) 421-7915 (Fax)
jfranke@fsmlawfirm.com
jsmith@fsmlawfirm.com
**Attorneys for Defendant Mars, Inc.**

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of
the above and foregoing was filed
electronically in the U.S.D.C. for the
Western District of Missouri and sent
via email this 28th day of March, 2024, to:


Shelly Dreyer
Dreyer and Tinney
2230 E. 32nd Street, Ste. 202
Joplin, MO 64804
Shelly@dreyertinney.com
**Attorney for Plaintiff**


*/s/ John E. Franke*
**Attorney for Defendant**